UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| In re Provectus Biopharmaceuticals, Inc. Derivative Litigation | Case No. 3:14-cv-00372-PLR-HBG<br><br>District Judge Pamela L. Reeves<br><br>Magistrate Judge H. Bruce Guyton |

## FINAL ORDER AND JUDGMENT

This case having been consolidated with *Paul Montiminy, Derivatively on Behalf of Nominal Defendant Provectus Biopharmaceuticals, Inc. v. H. Craig Dees, et al.*, Case 3:14-cv-00503 (Docket No. 28) and this matter came before the Court for hearing pursuant to the Order of this Court dated June 2, 2016 ("Preliminary Approval Order"), on the application of the parties for approval of the settlement set forth in the Stipulation of Settlement dated as of December 21, 2015 (the "Stipulation"). Due and adequate notice having been given as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all parties thereto, including Plaintiffs, Current Provectus Shareholders, and Defendants.

3. The Court hereby approves the Settlement set forth in the Stipulation as fair, reasonable, and adequate to the Settling Parties in all respects, and directs that the Settlement be

consummated in accordance with the terms and conditions set forth in the Stipulation.

4. The Court hereby dismisses with prejudice the Action and all Released Claims. Except as otherwise provided in the Stipulation, the Settling Parties shall bear their own costs.

5. Upon the Effective Date, Plaintiffs (individually and derivatively on behalf of Provectus) and Provectus shall have, and Current Provectus Shareholders by operation of this Final Order and Judgment shall be deemed to have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed (a) the Released Claims against the Released Persons and their Related Persons; and (b) any and all claims (including Unknown Claims) against the Released Persons and their Related Persons arising out of, relating to, or in connection with, the defense, settlement, resolution of the Action.

6. Upon the Effective Date, Plaintiffs (individually and derivatively on behalf of Provectus) and Provectus shall have, and Current Provectus Shareholders by operation of this Final Order and Judgment shall be deemed to have, covenanted not to sue the Released Persons or their Related Persons with respect to the Released Claims, and shall be forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons or their Related Persons.

7. The Court finds that the notice given to Current Provectus Shareholders of the Settlement, the Stipulation and the Settlement Hearing was the best notice practicable under the circumstances, and that said notice fully satisfied the requirements of due process and applicable law.

8. The Court hereby approves the Fee and Expense Amount in accordance with the terms of the Stipulation, finds that such fee award is fair and reasonable, and directs said amounts to be paid to Plaintiffs' Counsel as provided in the Stipulation.

9. The Court hereby approves the Incentive Awards of $2,000 for lead plaintiff Hurtado and each of the plaintiffs in the State Court Litigation (plaintiffs Foley and Donato) to be paid from the Fee and Expense Amount in recognition of their participation and effort in the prosecution of the Action and the State Court Litigation. Plaintiff Montiminy no longer has

standing and cannot recover an Incentive Award.

10. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Defendants or their respective Related Parties, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of Defendants or their respective Related Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the settlement amount, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be admissible in any proceeding for any purpose except that the Released Persons may file the Stipulation and/or the Final Order and/or Judgment from the Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Final Order in any way, this Court hereby retains continuing jurisdiction over the Action and the parties to the Stipulation to enter any further orders as may be necessary to effectuate the Stipulation, the Settlement provided for therein, and the provisions of this Final Order and Judgment.

12. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Term. R. Civ. P. 11.02, and all other similar laws.

13. Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. The Court finds that this Final Order and Judgment is a final, appealable judgment and should be entered in accordance with applicable law.

IT IS SO ORDERED.

DATED: __8/26__, 2016    _____
PAMELA L. REEVES, U.S. DISTRICT JUDGE